UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALIBU MEDIA, LLC | : |
|                     Plaintiff | : |
| | : |
| v. | : |
| | :   Civil Action No. 2:14-cv-02543-BMS |
| | : |
| CHRISTOPHER RZASA | : |
|                     Defendant | : |

**DEFENDANT'S ANSWER WITH NEW MATTER AND COUNTERCLAIM AGAINST PLAINTIFF'S COMPLAINT**

Defendant, Christopher Rzasa, by and through his undersigned counsel, Stephen R. Murphy, Esquire, hereby responds to the Plaintiff's Complaint and asserts the following Answer with New Matter and Counterclaim, as follows:

**Introduction**

1. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

2. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

3. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## Jurisdiction And Venue

4. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

5. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

6. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

7. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## Parties

8. Denied. Answering Defendant is without sufficient knowledge, information or belief to admit or deny the Plaintiff's corporate status nor the location of Plaintiff's principal place of business. That averment is therefore denied. Strict proof is demanded at trial.

9. Admitted.

## Factual Background

10. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

11. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

12. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

13. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

14. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

15. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

16. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

17. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

18. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

19. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

20. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

21. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

22. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

23. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual

allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

24. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

25. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

26. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

27. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## Miscellaneous

28. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

29. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

## COUNT I

30. Defendant incorporates his responses to paragraphs 1 through 29 of Plaintiff's Complaint as if they were set forth at length herein.

31. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

32. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

33. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

34. (A. through D.) Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

35. Denied. The averments in this paragraph constitute conclusions of law to which no responsive pleading is required. Further, to the extent this paragraph includes factual allegations, Defendant demands strict proof of the facts alleged at trial and specifically denies Plaintiff's allegations.

WHEREFORE, Defendant requests this Honorable Court to enter judgment in its favor and against Plaintiff's Complaint. It is further requested that Plaintiff be responsible for all costs and attorney fees incurred by Defendant in this matter and grant any other relief this Court deems just and proper in favor of Defendant.

## DEFENDANT'S NEW MATTER

36. Defendant incorporates his responses to paragraphs 1 through 35 of Plaintiff's Complaint as if they were set forth at length herein.

37. Plaintiff's Complaint fails to state a valid cause of action.

38. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

39. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

40. Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

41. Plaintiff's claims are barred, in whole or in part, by the doctrine of failure of consideration.

42. Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

43. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

44. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

45. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

46. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

47. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of mootness.

WHEREFORE, Defendant requests this Honorable Court to enter judgment in its favor and against Plaintiff's Complaint. It is further requested that Plaintiff be responsible for all costs and attorney fees incurred by Defendant in this matter and grant any other relief this Court deems just and proper in favor of Defendant.

## DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF

### COUNT I – MALICIOUS PROSECUTION

49. Defendant incorporates his responses to paragraphs 1 through 35 of Plaintiff's Complaint and 36 to 48 of Defendant's New Matter as if they were set forth at length herein.

50. Defendant has never met, spoke to nor engaged in any form of communication with Plaintiff and/or Plaintiff's alleged property, as listed in Exhibits A and B of Plaintiff's Complaint.

51. Defendant has never engaged in any contractual relationship with Plaintiff nor ordered and/or observed Plaintiff's alleged property, as listed in Exhibits A and B of Plaintiff's Complaint.

52. Prior to his receipt of Plaintiff's Complaint, Defendant has never heard of nor observed the existence of any of the alleged files and/or alleged file titles of the items listed in Exhibits A and B which allegedly are owned by the Plaintiff.

53. Based upon the above, it is factually impossible for Defendant to have engaged in any of the alleged conduct with Plaintiff that formulate the basis for the averments within the Plaintiff's Complaint.

54. Plaintiff's continued pursuit of any claims of any nature against Defendant is solely intended to harass Defendant and cause Defendant to spend his time, money, effort and anxiety to defend himself against Plaintiff's frivolous Complaint.

55. Plaintiff's continued pursuit of any claims of any nature against Defendant was, is and will continue to be performed in bad faith.

WHEREFORE, Defendant requests this Honorable Court to enter judgment in his favor by dismissing Plaintiff's Complaint and ordering such other relief as it deems just an appropriate under the circumstances. It is further requested that Plaintiff be responsible for all costs and attorney fees incurred by Defendant in this matter.

                                            Respectfully submitted,

                                            By: SRM6881  
                                            STEPHEN R. MURPHY, ESQUIRE  
                                            The Law Offices of Stephen R. Murphy, Esquire, P.C.  
                                            239 S. Camac Street  
                                            Philadelphia, PA  19107  
                                            (215) 875-8005  
                                            (856) 761-0726 (fax)  
                                            Email:  stephenRmurphyesq@gmail.com  
                                            Counsel for Defendant Christopher Rzasa

DATE:  December 24, 2014

## AFFIRMATION

Stephen R. Murphy, Esquire, hereby affirms that the facts set forth in the foregoing Defendant's Answer with New Matter and Counterclaim against Plaintiff's Complaint were provided to him by the Defendant and are true and correct to the best of Defendant's knowledge, information and belief.

The Defendant understands that the facts herein are verified subject to penalties for unsworn falsification to authorities under the United States Code.

Respectfully submitted,

By: SRM6881
STEPHEN R. MURPHY, ESQUIRE
Counsel for Defendant

DATE: December 24, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendant's Answer with New Matter and Counterclaim against Plaintiff's Complaint has been served via electronic mail, by the Court's CM/ECF system, upon the following:

1. Christopher P. Fiore, Esquire
   On behalf of the Plaintiff


DATED: December 24, 2014

BY: SRM6881
STEPHEN R. MURPHY, ESQUIRE